STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
J. CHRISTOPHER BENNINGTON, STATE BAR NO.: 105432
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
**E-Mail: sforman@tharpe-howell.com**
**E-Mail: cbennington@tharpe-howell.com**
**E-Mail: abreuer@tharpe-howell.com**

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| COLLEEN DOMBI,<br>Plaintiff,<br>vs.<br>VESTAR COMPANY, LOWE'S HOME CENTERS, LLC, DOES 1 TO 10<br>Defendants. | Case No.:<br>*[Los Angeles County Superior Court Case No.: 18STCV06312]*<br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC, contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court, Central District of California – Western Division. The removal is based, specifically, on the following grounds.

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3. On November 21, 2018, Plaintiff COLLEEN DOMBI ("Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled Colleen Dombi v. Vestar Company, et al., Case No. 18STCV06312. The Complaint named VESTAR COMPANY only as defendant. True and correct copies of the following documents filed by Plaintiff on November 21, 2018, are attached hereto and incorporated herein by reference as **Exhibit "A:"**

a. Summons;

b. Complaint; and,

c. Civil Case Cover Sheet and Civil Case Cover Sheet Addendum and Statement of Location.

4. On June 19, 2019, commenced the action against LOWE'S HOME CENTERS, LLC by filing a First Amended Complaint in the Los Angeles Superior Court. In the First Amended Complaint, Plaintiff named LOWE'S HOME CENTERS, LLC as a defendant for the first time, and again named VESTAR COMPANY as a

///

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

defendant. True and correct copies of the following documents filed by Plaintiff on June 19, 2019, are attached hereto as **Exhibit "B:"**

a. First Amended Summons; and,

b. First Amended Complaint.

5. As of the date of the filing of this Notice of Removal, LOWE'S HOME CENTERS, LLC has not been served with the First Amended Complaint by plaintiff.

6. Defendant VESTAR COMPANY was served with the Complaint and the First Amended Complaint and filed its Answer to First Amended Complaint on October 30, 2019, stating therein its true and correct name as VESTAR PROPERTIES, INC. A true and correct copy of the Answer of Defendant and Cross-Complainant, Vestar Properties, Inc., to Plaintiff's Unverified First Amended Complaint is attached hereto as **Exhibit "C."**

7. On October 30, 2019, concurrently with the filing of its Answer to First Amended Complaint, VESTAR filed a Cross-Complaint for Equitable Indemnity, Contribution/Apportionment of Fault, Declaratory Relief, Breach of Contract, and Express Indemnity naming LOWE'S HOME CENTERS, INC. as a defendant. True and correct copies of the following documents filed by VESTAR on October 30, 2019 are attached hereto as **Exhibit "D":**

a. Summons on Cross-Complaint; and,

b. Cross-Complaint for Equitable Indemnity, Contribution/ Apportionment of Fault, Declaratory Relief, Breach of Contract, and Express Indemnity.

8. On or about December 4, 2019, Plaintiff filed an Amendment to Complaint adding Barings, LLC as defendant DOE 1. A true and correct copy of the Amendment to Complaint filed by plaintiff on December 4, 2019 is attached hereto as **Exhibit "E."** Defendant DOE 1, Barings, LLC, is a Delaware corporation, and has not been served with the Complaint by Plaintiff.

///

9. On January 27, 2020, VESTAR filed an Amendment to Cross-Complaint to correct the name of the cross-defendant to LOWE'S HOME CENTERS, LLC. A true and correct copy of VESTAR's Amendment to Cross-Complaint filed January 27, 2020, is attached hereto as **Exhibit "F."**

10. On January 30, 2020, VESTAR caused to be personally served on LOWE'S HOME CENTERS, LLC's agent for service of process the following documents: Summons on Cross-Complaint; Cross-Complaint for Equitable Indemnity, Contribution/Apportionment of Fault, Declaratory Relief, Breach of Contract, and Express Indemnity; and Amendment to Cross-Complaint. (See, **Exhibits "D", "F."**) Along with these documents, VESTAR caused to be personally served on LOWE'S HOME CENTERS, LLC's agent for service of process courtesy copies of the following documents: Plaintiff's Summons and Amended Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Alternative Dispute Resolution (ADR) Information Packet; Standing Order re Personal Injury Procedures, Central District; Notice of Case Assignment; First Amended Standing Order – Re: Final Status Conference, Personal Injury ("PI") Courts; Plaintiff's Statement of Damages; Plaintiff's First Amended Summons and First Amended Complaint; and Notice of Taking Deposition of Plaintiff Colleen Dombi, true and correct copies of which are attached hereto as **Exhibit "G."**

11. On February 27, 2020, Defendant LOWE'S HOME CENTERS, LLC filed and served its Answer to Plaintiff's First Amended Complaint, its Answer to Cross-Complaint of Vestar Properties, Inc., and its Demand for Jury Trial. True and correct copies of Defendant LOWE'S HOME CENTERS, LLC's Answer to First Amended Complaint, Answer to Cross-Complaint and Demand for Trial by Jury are attached hereto as **Exhibit "H."**

12. On February 27, 2020, Defendant LOWE'S HOME CENTERS, LLC, simultaneously with the filing of its responsive pleadings filed and served a Cross-Complaint against VESTAR PROPERTIES, INC. True and correct copies of the

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

Summons on Cross-Complaint and the Cross-Complaint filed by defendant LOWE'S HOME CENTERS, LLC on February 27, 2020, are attached hereto as **Exhibit "I."**

13. True and correct copies of the following pleadings and orders which are contained in the state court file in this action (and which have not been served on LOWE'S HOME CENTERS, LLC) are attached hereto as **Exhibit "J"**:

a. Notice of Hearing on Demurrers and Demurrers by defendant VESTAR COMPANY to Plaintiff's Complaint, filed May 10, 2019;

b. Plaintiff's Notice of Intent to File an Amended Complaint Prior to the Hearing on Demurrer Making the Demurrer Moot, filed June 5, 2019;

c. Notice of Hearing Off-Calendar Regarding Demurrers by Defendant, Vestar Co., to Plaintiff's Complaint, filed June 19, 2019;

d. Declaration of Demurring or Moving Party in Support of Automatic Extension filed by defendant VESTAR COMPANY, filed July 22, 2019;

e. Notice of Hearing on Motion to Strike and Motion to Strike by Defendant Vestar Company to Portions of Plaintiff's Complaint, filed August 22, 2019.

f. Plaintiff, Colleen Dombi Opposes Defendant's Motion to Strike Plaintiff's First Amended Complaint, filed September 23, 2019;

g. Reply to Plaintiff's Opposition to Defendant's Motion to Strike Portions of Plaintiff's First Amended Complaint, filed October 3, 2019;

h. Minute Order dated October 10, 2019 with Certificate of Mailing, filed October 10, 2019;

i. Notice of Errata by Defendant and Cross-Complainant, Vestar Properties, Inc. Regarding Its Cross-Complaint, filed October 31, 2019; and,

j. Proof of Service of Summons, filed February 7, 2020.

14. The attached **Exhibits "A" through "J"** constitute all process, pleadings and orders served upon Defendant LOWE'S HOME CENTERS, LLC or contained in the state court file in this matter.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## DIVERSITY

### A. Citizenship

15. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

16. Plaintiff was, at the time of the filing of this action, and presently remains, domiciled in the State of California and is therefore a citizen of the State of California.

17. Defendant LOWE'S HOME CENTERS, LLC is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Johnson v. Columbia Properties Anchorage, *LP*, 437 F.3d 894, 899 (9th Cir. 2006). LOWE'S HOME CENTERS, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a North Carolina corporation, incorporated in North Carolina with its principal place of business in the State of North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.

18. Defendant VESTAR PROPERTIES, INC. is a corporation., incorporated in Arizona with its principal place of business in the State of Arizona. Accordingly, VESTAR PROPERTIES, INC., erroneously sued and served herein as VESTAR COMPANY, is a citizen of the State of Arizona.

19. Defendant BARINGS, LLC is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Johnson v. Columbia Properties Anchorage, *LP*, 437 F.3d 894, 899 (9th Cir. 2006). BARINGS, LLC. a Delaware corporation, incorporated in Delaware and, on information and belief, is a citizen of the State of Delaware. Defendant BARINGS,

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

LLC has not been served in this action.

20. Therefore, complete diversity of citizenship exists as between Plaintiff and Defendant.

**B. <u>Fictitious Does</u>**

21. Defendants DOES 1 to 100, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

**<u>AMOUNT IN CONTROVERSY</u>**

22. Plaintiff's First Amended Complaint sets forth causes of action for general negligence and premises liability. <u>See</u>, **Exhibit "B."** Plaintiff alleges that on December 8, 2017, Plaintiff was on the premises of Defendant LOWE' HOME CENTERS, LLC's retail store in the parking lot. Plaintiff contends she suddenly and without warning slipped on loose rocks and dirt in the walk area where pedestrians and shoppers walk and pass, causing Plaintiff to sustain injuries and damages. Although Plaintiff was prohibited from stating a specific amount demanded in her Complaint, Defendant LOWE'S HOME CENTERS, LLC has been able to ascertain through "other paper" that the amount in controversy exceeds $75,000.00.[1]

23. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. <u>Singer v. State Farm Mut. Auto Ins. Co.</u>, 116 F.3d 373, 376 (9th Cir. 1996);

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. <u>See</u>, <u>Cal. Code Civ. Proc.</u> § 425.10.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

see, McPhail v. Deere and Company, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994); see also, Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

24. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e. proof of what the plaintiff is seeking to recover. McPhail, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." Meridian Secs. Ins. Co. v. Sadowski, 441 F.3d 540, 543 (7th Cir. 2006); see also, McPhail, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

25. Where an initial pleading is not removable, a notice of removal can be filed within 30 days after receipt of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. §1446(b)(3). The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes. A written settlement demand, therefore, constitutes "other paper."

26. Plaintiff's Statement of Damages, served on defendant LOWE'S HOME CENTERS, LLC by VESTAR on January 30, 2020, sets forth that she is seeking a total of $500,000 in general damages for pain, suffering and inconvenience, $250,000

for in general damages for emotional distress and $100,000 in general damages for loss of consortium. As well, plaintiff claims special damages totaling $600,000. See, **Exhibit "G,"** Statement of Damages. Thus, the amount in controversy here exceeds the $75,000 statutory minimum. Therefore, federal jurisdiction is proper.

**CONSENT OF DEFENDANTS TO REMOVAL**

27. Defendant VESTAR PROPERTIES, INC., erroneously sued and served herein as VESTAR COMPANY has consented to the removal of this action from the state court. Attached hereto as **Exhibit "K"** is a true and correct copy of the Joinder in Notice of Removal of Action signed by counsel for VESTAR PROPERTIES, INC.

28. Defendant DOE 1, BARINGS, LLC, has not been served by plaintiff and has not appeared in the action.

**TIMELINESS OF REMOVAL**

29. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after LOWE'S HOME CENTERS, LLC's receipt of the Cross-Complaint and Plaintiff's initial pleading commencing the action against LOWE'S HOME CENTERS, LLC, to wit, Plaintiff's First Amended Complaint dated June 19, 2019, served on January 30, 2020, which first indicated that the matter was removable. 28 U.S.C. §1446(b)(1). Further, the instant removal is made within one year of the filing of the First Amended Complaint which commenced the action against defendant LOWE'S HOME CENTERS, LLC, and substantially amended the state court action and radically changed the nature of the claims alleged therein. As noted above, Plaintiff filed her Complaint on November 21, 2018, but did not commence the action as against LOWE'S HOME CENTERS, LLC until the filing of her First Amended Complaint on June 19, 2020.

///

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

30. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: February 27, 2020

THARPE & HOWELL, LLP

By: ______________________
STEPHANIE FORMAN
J. CHRISTOPHER BENNINGTON
ANDREA BREUER
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and not a party to this legal action.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & §1441(B) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| ERIC AREVALO, ESQ.<br>CAROL A. HANNA, ESQ.<br>SCHUMANN ROSENBERG & AREVALO LLP<br>3100 Bristol Street, Suite 100<br>Costa Mesa, CA 92626<br>Tel: (714) 850-0210<br>Fax: (714) 850-0551 | Attorneys for Defendant, Cross-Complainant, VESTAR PROPERTIES, INC., erroneously sued as VESTAR CO. |
| Steve Hernandez, Esq.<br>LAW OFFICE OF STEVE HERNANDEZ<br>7915 Painter Ave, Ste. 1<br>Whittier, CA 90602<br>Tel: (562-789-5859<br>Fax: (562) 907-5560<br>Stevehernandezlaw@gmail.com | Attorneys for Plaintiff, COLLEEN DOMBI |

5. a. ___ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b. X **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

(1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

(2) X placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. ___ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date): see below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 2/28/20 | Bertha Muñoz | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\30000-000\30906\Pleadings\FEDERAL\Notice of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221