JS - 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN DOMBI, | Case No. CV 20-1993 FMO (MRWx) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION** |
| VESTAR COMPANY,  et al., | |
| Defendants. | |

On November 21, 2018, plaintiff filed a Complaint in the Los Angeles County Superior Court against Vestar Company ("Vestar").  (See Dkt. 1, Notice of Removal ("NOR") at ¶ 3).  On June 19, 2019, plaintiff filed a First Amended Complaint naming Lowe's Home Centers, LLC ("Lowe's") as a defendant, and on December 4, 2019, plaintiff filed an Amendment to the Complaint adding Barings, LLC ("Barings") as a defendant.  (See id. at ¶¶ 4, 8).  On February 28, 2020, Lowe's removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332.  (See id. at ¶ 1).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before

proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress."  Syngenta Crop Protection, Inc.  v.  Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted).  Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1]  See id.  Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is proper.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  Moreover, if there is any doubt regarding the existence of subject matter  jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370.  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction."  Kelton Arms Condo. Owners Ass'n, Inc.

_____

[1]  For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

The court's review of the NOR and the state court complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] See 28 U.S.C. § 1332(a).[3]

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Lowe's contends that complete diversity exists because plaintiff is a citizen of California, (see Dkt. 1, NOR at ¶ 16), Lowe's is a citizen of North Carolina, (id. at ¶ 17), Vestar is a citizen of Arizona (id. at ¶ 18), and Barings, "a Delaware corporation, incorporated in Delaware," is a citizen of Delaware. (Id. at ¶ 19). However, Lowe's improperly relies on the standard applicable to corporations despite the fact that Barings is a limited liability company.

---

[2]  Lowe's seeks only to invoke the court's diversity jurisdiction. (See Dkt. 1, NOR at ¶ 1).

[3]  In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

(See id.) (stating that Barings "is a limited liability company" that is "incorporated in Delaware").

Limited liability companies ("LLCs") are treated like partnerships rather than corporations for the purpose of determining citizenship, and are deemed "a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). "There is no such thing as 'a [state name] limited partnership' for purposes of . . . diversity jurisdiction. There are only partners, each of which has one or more citizenships." Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted). Moreover, "[a]n LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction. See Buschman v. Anesthesia Business Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); Tele Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction."). If a member of an LLC is a corporation, then the state of that member's incorporation and its principal place of business must be shown.

Lowe's has failed to set forth Barings's proper citizenship and that of its members. (See, generally, Dkt. 1, NOR). In short, it has failed to show that complete diversity of the parties exists. Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden. Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012 for lack

of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 14th day of April, 2020.

                                    /s/
                              Fernando M. Olguin
                       United States District Judge